### Appellate Department, Superior Court, San Bernardino

[Civ. A. No. 7.    May 27, 1953.]

THOMAS C. PARRY et al., Appellants, v. COUNTY OF SAN BERNARDINO, Respondent.

Thomas M. Eckhardt, Thomas C. Parry, O'Connor, Eckhardt & Fick, and Cunningham, Parry & Holcomb for Appellants.

Albert E. Weller, County Counsel, and John B. Lawrence, Deputy County Counsel, for Respondent.

MITCHELL, J.—The plaintiffs seek, by this action, to recover a judgment against the county of San Bernardino for services which they rendered in representing two deputies in the sheriff's office before the civil service commission in connection with the deputies' appeal from an order of demotion.

It is alleged that plaintiffs presented to the board of supervisors their claim for $1,000. A copy of this claim is made a part of the complaint. It contains a detailed account of the services rendered by plaintiffs to the two officers in connection with their application to the civil service commission for relief from an order of demotion.

It is alleged that the board of supervisors refused to allow the claim.

It is not alleged that the plaintiffs were employed by the county.

In support of their claim the plaintiffs attached thereto a "Memorandum of Merit and Legality of Claims" in which sections 3 and 11 of Ordinance 580 (Civil Service) are cited as authority for the payment thereof.

Section 3 directs the board of supervisors to "appropriate funds to defray the expenses necessary and incident to the operation of the civil service system. . . ."

Section 11 grants to any employee, who is dissatisfied with any order of dismissal, suspension or reduction, the privilege of appealing from such order to the civil service commission.

This section also provides as follows: "The appellant shall be entitled to appear personally, produce evidence, and to have counsel and a public hearing."

It will be noted that the employee is not subjected to any mandatory duty by this section.

The employee is given the privilege to appeal if he so elects.

Similarly he is given the opportunity to "have counsel" if he so elects.

There is no provision in the ordinance *directing* the board of supervisors or the civil service commission to provide counsel for such an appellant, nor is there any provision *authorizing* the board or the commission so to do.

In support of their claim appellants point to the provision contained in section 3 of Ordinance 580 with respect to the obligation imposed upon the board of supervisors, "to appropriate funds to defray the expenses necessary and incident to the operation of the Civil Service system," but there is no allegation in the complaint that the board of supervisors has made any such appropriation.

Nor is there any allegation that the fees of counsel for such appellants have any relation to the expense of operating the civil service commission.

The allegation in the complaint is that "the plaintiffs performed services for the defendant. . . ."

There is no allegation that the governing body of the defendant county, by resolution or otherwise, engaged the plaintiff's services.

It is obvious that the demurrer to the complaint was properly sustained.

We now come to the question as to whether or not the plaintiffs should have been afforded an opportunity to amend.

An examination of appellants' brief discloses that no such relief is sought—but that appellants are content to stand or fall on the adequacy of their complaint and their interpretation of the two cited portions of Ordinance 580.

Apparently the parties are content to seek the opinion of this court on the question of the liability of the county to counsel under the circumstances discussed in their briefs—rather than our opinion of the adequacy of the complaint.

This question immediately arises. Is not such an opinion merely obiter dictum?

From the argument, if not from the complaint, we may conclude that appellants base their claim upon:

1. The fact that they were engaged by two county civil service employees who had been demoted;

2. That on behalf of said employees they prepared an appeal to the civil service commission;

3. That they presented to the civil service commission evidence in support of said employees;

4. That Ordinance 580 grants to said employees the right and privilege of having counsel;

5. That Ordinance 580 directs the board of supervisors to appropriate funds for the purpose of defraying the expense of the operation of the civil service commission.

From these facts the appellants argue that the defendant county is indebted to them on account of the services rendered

by them in presenting to the commission the appeal of the demoted employees.

In their brief, appellants cite section 31000 of the Government Code which provides that the supervisors ''may contract with and employ any person for furnishing . . . legal . . . services.''

But the complaint contains no allegation of employment or contract for legal services.

In the absence of any employment by the county, appellants then assert that because the demoted employees have the right to be heard by the commission and to be represented by such counsel as they may choose; and because the county may defray the cost of operating the commission then it follows that the county must defray the cost of counsel fees for the demoted employees.

We are not provided with any statutory requirements to this end. In lieu thereof it is suggested that ''equal justice'' demands that the county pay for the employee's legal representation.

To this we must point out that our power is not in the legislative field.

It might be suggested that in the more serious field of criminal procedure the Legislature authorized the county to pay for counsel for persons charged with the commission of crimes but only when it affirmatively appears that such person is unable to employ counsel.

In the field of civil law the instances in which the court may require the payment of attorney fees are few.

In the absence of such a direct mandate the court is without power to make such an order even though an employee could convince the court that he was unable to employ counsel, or even though the court believed that ''equal justice'' would be denied unless the county paid counsel fees for the appellants.

In answer to the question presented by the briefs, if not that presented by the ruling on the demurrer in the court below, we are persuaded that a cause of action against the county is not stated.

Hilliard, J., and Coughlin, P. J., concurred.